LEGISLATORS — SCHOOL LAND COMMISSION LOAN — CONFLICT OF INTEREST — CODE OF ETHICS Under the authority of 64 O.S. 52 [64-52](g) (1971), if a legislator owns an interest in a business and the business purchases land against which there is an existing loan owing to the School Land Commission, the loan does not have to be retired immediately because of the legislator's interest in that business. The Attorney General has considered your opinion request wherein you ask, in effect, the following question: If a legislator owns fifty percent (50%) of a business and the business buys land against which there is an existing loan owing to the Oklahoma School Land Commission, must the loan be retired immediately because of the legislator's interest in the business? Title 64 O.S. 52 [64-52](g) (1971) provides: "No loans shall be made to any state official, either legislative, executive, or judicial, whether elected or appointed, during their term of office or during their candidacy for an elective office; provided, that this rule and regulation shall not affect existing loans, nor hereafter to loans made to persons eligible therefor and who are elected after securing said loans." (Emphasis added) Your questions raise the possible applicability of provisions of the Oklahoma Code of Ethics for State Legislators, 74 O.S. 1409 [74-1409] — 74 O.S. 1416 [74-1416] (1971). However, language found in 64 O.S. 52 [64-52](g) (1971) expressly provides that "this rule and regulation shall not affect existing loans." Thus, within the context of your question, it is clear that if the loan in question was procured on the land prior to the business in which the legislator has an interest buying the land, then the loan is not affected, nor must the same be paid in full to the Land Commission to avoid a conflict of interest as defined under 74 O.S. 1409 [74-1409] (1971). The provisions of 74 O.S. 1409 [74-1409] (1971), relating to acts prohibited by a legislator, contemplate only those situations in which a conflict would arise in connection with the faithful discharge of an individual's official duties. Clearly, no conflict can arise from a business in which a legislator has an interest paying off an existing loan in the same manner as was dictated by the original contract and mortgage. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Under the authority of 64 O.S. 52 [64-52](g) (1971), if a legislator owns an interest in a business and the business purchases land against which there is an existing loan owing to the School Land Commission, the loan does not have to be retired immediately because of the legislator's interest in that business. (PAUL C. DUNCAN) (ksg)